UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| FORCHT BANK, N.A., KENTUCKY BANKERS ASSOCIATION, and BANK POLICY INSTITUTE,<br><br>                    Plaintiffs,<br><br>                    v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU and RUSSELL VOUGHT, in his official capacity,<br><br>                  Defendants. | No. 5:24-cv-304-DCR |

**JOINT MOTION TO EXTEND STAY OF PROCEEDINGS**

Plaintiffs Forcht Bank, N.A., Kentucky Bankers Association, and Bank Policy Institute, and Defendants the Consumer Financial Protection Bureau (CFPB) and Russell Vought, in his official capacity as Acting Director of the CFPB (together, the Parties), respectfully submit this joint motion to extend the stay of proceedings in this litigation.

    1.    On October 22, 2024, the CFPB announced the final rule at issue in this case, which it published in the Federal Register the following month. *See Required Rulemaking on Personal Financial Data Rights*, 89 Fed. Reg. 90,838 (Nov. 18, 2024) (the "Rule"). Plaintiffs filed the operative Amended Complaint on November 18, 2024, ECF No. 22, which Defendants answered on December 27, ECF No. 29. On January 28, 2025, upon the Parties' joint motion, the Court entered a scheduling order providing for the resolution of this case on cross-motions for summary judgment, pursuant to which Plaintiffs would serve their motion for summary judgment on February 28, 2025. ECF No. 34.

    2.    On February 25, 2025, recognizing that the CFPB's new leadership needs time to

review and consider the CFPB's position on various pending agency actions and recently finalized rules, including the rule Plaintiffs challenge here, the Parties jointly requested a 30-day stay of this litigation and a corresponding 30-day tolling of the Rule's compliance deadlines. ECF No. 40. The Court granted the Parties' request the same day and entered an order staying the existing case deadlines and compliance deadlines for 30 days. ECF No. 41.

3. Although the Parties have made productive use of this initial stay and the CFPB is reviewing the rule at issue and its position in this litigation, that review has not yet concluded. The Parties continue to be interested in exploring whether the CFPB may take some action on the Rule that will substantially affect the need for this litigation. To conserve the Court's resources as the Parties continue their discussions, the Parties request a 60-day extension of the stay of proceedings that is currently in place. The CFPB has sought stays in several other pending litigations that challenge rules promulgated under the previous Administration. A 60-day extension of the stay in this case would be consistent with the relief other courts have recently granted under these circumstances. *See, e.g.*, *Texas Bankers Ass'n* v. *CFPB*, No. 24-40705 (5th Cir. Feb. 7, 2025) (ECF No. 134-2) (staying litigation and tolling compliance deadlines subject to modification as circumstances may warrant); *Cornerstone Credit Union League* v. *CFPB*, No. 25-00016 (E.D. Tex. Feb. 6, 2025) (staying litigation and tolling effective date of rule for 90 days).

4. To avoid prejudice to Plaintiffs, the CFPB also consents to a corresponding 60-day further tolling of the compliance deadlines prescribed by the Rule. *See* 12 C.F.R. 1033.121(b); ECF No. 41 at 2 (granting initial 30-day tolling of the compliance deadlines).

5. Accordingly, to allow the CFPB and the Acting Director additional time to consider the Rule at issue in this case and to avoid unnecessarily taxing this Court's resources, the Parties request a 60-day extension of the stay of proceedings in this case, including the

current briefing deadlines on the parties' anticipated cross-motions for summary judgment. *See* ECF No. 41.

      6.     WHEREFORE, PREMISES CONSIDERED, the Parties respectfully and jointly move the Court to:

      1. Grant the Parties' request for a 60-day extension of the stay in this litigation, with amended briefing deadlines as set forth in the proposed order tendered with this motion; and

      2. Grant the Parties' request for a further 60-day tolling of the compliance deadlines prescribed in 12 C.F.R. 1033.121(b), as modified by this Court's prior Order. *See* ECF No. 41 at 2.

Respectfully submitted,

Dated: March 26, 2025

| | |
|---|---|
| /s/ Lauren Gorodetsky | /s/ John T. McGarvey |
| Steven Y. Bressler | John T. McGarvey (KY Bar #46230) |
|   *Deputy General Counsel* | MORGAN POTTINGER MCGARVEY |
| Christopher Deal | 401 South Fourth Street, Suite 1200 |
|   *Assistant General Counsel* | Louisville, KY  40202 |
| Lauren Gorodetsky | (502) 560-6759 |
|   *Counsel* | jtm@mpmfirm.com |
| | |
| | Jeffrey B. Wall* |
| Consumer Financial Protection Bureau | Judson O. Littleton* |
| 1700 G Street NW | Nathan H. Golden* |
| Washington, DC  20552 | SULLIVAN & CROMWELL LLP |
| (202) 435-7560 | 1700 New York Avenue, N.W. |
| lauren.gorodetsky@cfpb.gov | Washington, D.C.  20006 |
| | Tel:  (202) 956-7000 |
| | wallj@sullcrom.com |
| | littletonj@sullcrom.com |
| | goldenn@sullcrom.com |
| | |
| | Robert A. Flatow* |
| | SULLIVAN & CROMWELL LLP |
| | 125 Broad Street |
| | New York, NY  10004 |
| | Tel:  (212) 558-4000 |
| | flatowr@sullcrom.com |

Timothy A. Schenk (KY Bar #92011)
KENTUCKY BANKERS ASSOCIATION
600 W Main Street #400
Louisville, KY  40202
Tel:  (502) 582-2453
tschenk@kybanks.com

John Court*
Paige E. Pidano*
BANK POLICY INSTITUTE
1300 I Street NW, Suite 1100 West
Washington, D.C.  20005
Tel:  (202) 289-4322
john.court@bpi.com
paige.paridon@bpi.com

*Counsel for Plaintiffs Forcht Bank, N.A., Kentucky Bankers Association, and Bank Policy Institute*

\*  Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

     I hereby certify that on March 26, 2025, I electronically filed this Joint Motion to Extend Stay of Proceedings with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                   /s/ *John T. McGarvey*

                   *Co-counsel for Plaintiffs Forcht Bank, N.A., Kentucky Bankers Association, and Bank Policy Institute*