EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| FORCHT BANK, N.A., et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5: 24-304-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CONSUMER FINANCIAL | ) | **MEMORANDUM ORDER** |
| PROTECTION BUREAU, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Financial Technology Association's ("FTA") motion to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure. [Record No. 43]  The motion will be granted for the reasons that follow.  Finally, consistent with the Court's previous admonitions regarding further extensions, the parties should expect to adhere to the briefing schedule outlined in the Court's Order of March 27, 2025.  [Record No. 45]

The FTA previously moved to intervene on February 12, 2025.  However, the case was stayed pending a potential policy realignment at the Consumer Financial Protection Bureau ("CFPB") following the recent change within the President's administration.  [Record No. 41] Shortly before the stay expired, the FTA renewed its motion to intervene, but the Court extended the stay to allow the CFPB more time to discern its position.  [Record No. 45] Thereafter, on April 22, 2025, the FTA moved for a limited lift of the stay [Record No. 47] to allow for briefing on its motion to intervene before the stay's scheduled expiration date of May 26, 2025.

A hearing was held on the motion on May 5, 2025, and the Court ultimately directed the parties to brief the FTA's renewed motion to intervene. [Record No. 52] Both the plaintiffs and the CFPB have now filed responses indicating they do not oppose intervention by the FTA. [Record Nos. 54 and 55]

## I.

Under Rule 24 of the Federal Rules of Civil Procedure, the Court will allow a party to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest to intervene." Fed. R. Civ. P. 24(a)(2). However,

> [t]he Sixth Circuit requires that proposed intervenors establish the following four factors to intervene as of right:
>
> (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest.

*Grainger v. Ottawa Cnty., Michigan*, 90 F.4th 507, 513 (6th Cir. 2024) (quoting *Coal. to Def. Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007). Here, all four factors weigh in favor of allowing the FTA to intervene.

The first factor favors allowing intervention because the FTA filed its motion on February 25, 2025, which came before any substantive briefing had taken place. *See Stupak-Thrall v. Glickman*, 226 F.3d 467, 472-73 (6th Cir. 2000) (explaining that timeliness partially turns on the stage of the litigation). Further, it has continued to diligently advocate for intervention throughout the duration of the stay. Next, the FTA has adequately explained its

interest in the outcome of the case.  Specifically, it states that "FTA is composed of members who would be directly and adversely affected by a judgment vacating the rule.  These members, which are authorized third parties and data aggregators under the Rule, operate business models premised on consumers being able to access and securely share their financial data." [Record No. 43, p. 9]

Third, FTA sufficiently argues that, in the absence of intervention, it will not be able to adequately defend its interests in seeing through the implementation of the Final Rule at issue in this case.  This was further demonstrated when the CFPB and the plaintiffs agreed to multiple stays of the case and the Rule's compliance deadlines, and the FTA objected to each stay.  Finally, while it is still uncertain whether the CFPB will defend the Rule in issue, it seems that, at the minimum, the FTA's interests are likely not protected by the current parties. Neither the plaintiffs nor the CFPB argue to the contrary, nor do they object to the FTA's motion to intervene.

## II.

Based on the foregoing, it is hereby

**ORDERED** as follows:

1. The Financial Technology Association's motion to intervene [Record No. 43] is **GRANTED**.

2. The Financial Technology Association's motion to expedite [Record No. 48] is **DENIED**, as moot.

Dated: May 14, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky