EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| FORCHT BANK, N.A., et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5: 24-304-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CONSUMER FINANCIAL | ) | **ORDER** |
| PROTECTION BUREAU, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Financial Data and Technology Association of North America ("FDATA") [Record No. 74] and Public Citizen's [Record No. 76] separate motions for leave to file memoranda of law in support of Intervenor Defendant Financial Technology Association's ("FTA") motion for summary judgment as *amici curiae*.

Once again, this Court has noted that participation of *amici curiae* is "a privilege within the sound discretion of the courts, depending upon a finding that the proffered information of *amicus* is timely, useful, or otherwise necessary to the administration of justice." *BancInsure, Inc. v. U.K. Bancorporation Inc./United Kentucky Bank of Pendleton County, Inc.*, 830 F. Supp. 2d 294, 307 (E.D. Ky. 2011) (quoting *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991)). In addition, the proper role of *amici* is "to aid the Court in resolving doubtful issues of the law rather than presenting a partisan view of the facts." *Id.* (citation modified).

FDATA purports to offer "additional historical context relevant to the interpretation of Section 1033, additional legal authorities and analysis that may inform the interpretation of that provision and key terms like 'consumer' and 'representative,' and additional analysis of

the challenged rule's treatment of payment-initiation information." [Record No. 74, p. 4] It further asserts that its brief provides more thorough context regarding the history of open banking, and surveys other statutes in which Congress defined key statutory terms more narrowly. However, this additional information is not necessary to the administration of justice, nor does it aid the undersigned in resolving doubtful legal issues in the case.

Public Citizen's arguments are similarly unhelpful. It opposes vacatur of the Final Rule in issue based on notice-and-comment rulemaking requirements under the Administrative Procedures Act, and procedural issues related to the Consumer Financial Protection Bureau's decision to oppose the Final Rule. But FTA already addressed those issues. [*See* Record No. 65, p. 22.] Accordingly, it is hereby

**ORDERED** as follows:

1. Financial Data and Technology Association of North America's "Motion for Leave to file *Amicus Curiae* Brief" [Record No. 74] is **DENIED**.

2. Public Citizen's "Motion for Leave to file *Amicus Curiae* Brief in Opposition to Defendants' Motion for Summary Judgment" [Record No. 76] is **DENIED**.

Dated: July 8, 2025.



Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky