UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| FORCHT BANK, N.A., KENTUCKY BANKERS ASSOCIATION, and BANK POLICY INSTITUTE,<br><br>      Plaintiffs,<br><br>      v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU and RUSSELL VOUGHT, in his official capacity,<br><br>      Defendants. | No. 5:24-cv-304-DCR |

**MOTION TO STAY PROCEEDINGS**

  The Consumer Financial Protection Bureau (Bureau or CFPB) respectfully submits this motion to stay proceedings.

  1.  In 2024, the Consumer Financial Protection Bureau issued the final rule at issue in this case. *See* Required Rulemaking on Personal Financial Data Rights, 89 Fed. Reg. 90838 (Nov. 18, 2024) (Rule). Plaintiffs filed the present suit on the day the Rule was announced, requesting vacatur of the Rule on the grounds that it violated the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.* ECF No. 1. Plaintiffs filed their Amended Complaint on November 18, 2024, ECF No. 22, and the Bureau answered on December 27, 2024, ECF No. 29.

  2.  After the change in the Bureau's leadership, this Court granted the parties' joint motion to stay proceedings and toll the Rule's compliance deadlines. ECF No. 41 (Feb. 25, 2025). On March 27, 2025, the Court granted a 60-day extension of the stay and of the Rule's compliance

1

deadlines. ECF No. 45. The Court modified the summary judgment briefing schedule accordingly. *Id.*

3. On May 14, 2025, the Court granted the Financial Technology Association's motion to intervene. ECF No. 56.

4. Consistent with the modified summary judgment schedule, Plaintiffs and the Bureau filed motions for summary judgment on May 30, 2025. ECF Nos. 58, 59. The Financial Technology Association filed its cross-motion for summary judgment and response in opposition to Plaintiffs' and the Bureau's motions for summary judgment on June 29, 2025. ECF Nos. 64, 65.

5. Plaintiffs' and the Bureau's replies and oppositions to the Financial Technology Association's cross-motion are due on July 29, 2025.

6. In light of recent events in the marketplace, the Bureau has now decided to initiate a new rulemaking to reconsider the Rule with a view to substantially revising it and providing a robust justification. The Bureau seeks to comprehensively reexamine this matter alongside stakeholders and the broader public to come up with a well-reasoned approach to these complex issues that aligns with the policy preferences of new leadership and addresses the defects in the initial Rule.

7. The Bureau plans to engage in an accelerated rulemaking process. To that end, within three weeks, the Bureau plans to issue an advanced notice of proposed rulemaking that will serve as the starting point of an accelerated rulemaking process that the Bureau envisions culminating in a new final rule that substantially revises the Rule under review.

8. To conserve judicial resources, the Bureau respectfully requests a stay of proceedings to allow the Bureau to conduct an accelerated rulemaking process that may obviate

the need for the Court to rule on the current Rule under review. Courts often grant such motions in order to allow agencies to revise challenged rules in the first instance. *See, e.g.*, *Utah v. EPA*, No. 23-1157, 2025 WL 1354371, at *2 (D.C. Cir. May 2, 2025) ("Abeyance may be warranted when there are legitimate developments that could obviate the need for judicial review, such as . . . .when an agency plans to reconsider a challenged rule."); *Nat'l Hydropower Ass'n v. U.S. Fish and Wildlife Serv.*, 2025 WL 1555156, at *3 (D.D.C. June 2, 2025) ("Courts have therefore held cases in abeyance while agencies have reconsidered challenged rules."); *Nat'l PFAS Contamination Coal. v. EPA*, No. CV 22-132 (JDB), 2023 WL 22078, at *5 (D.D.C. Jan. 3, 2023) ("In light of the remote possibility of harm to plaintiffs, the Court will stay the case, which will conserve judicial resources and allow EPA to focus on finishing rulemaking that would efficiently provide plaintiffs with the outcome they seek."); *Chinatown Serv. Ctr. v. HHS*, No. CV 21-331 (JEB), 2021 WL 8316490, at *2 (D.D.C. Oct. 13, 2021) ("It makes little sense for the Court to require the filing of the administrative record and merits briefs from both sides, and then to expend resources resolving legal issues that will likely be moot around the same time as it reaches a decision.").

9. If the Court grants the stay, the Bureau will file status reports every 90 days, with the clock to start with the entry of the stay order, to keep the court apprised on the progress of the planned rulemaking.

10. Intervenor FTA does not oppose this motion. Plaintiffs authorized the Bureau to represent their position as follows: "Plaintiffs are opposed to extending today's filing deadline and to placing the litigation in abeyance. Plaintiffs intend to file their reply brief today as scheduled, and they will file an opposition to the government's stay motion shortly."

DATED: July 29, 2025                      Respectfully Submitted,

MARK PAOLETTA
*Chief Legal Officer*
DANIEL SHAPIRO
*Deputy Chief Legal Officer*
VICTORIA DORFMAN
*Senior Legal Advisor*
CHRISTOPHER DEAL
*Deputy General Counsel for Litigation*
JUSTIN SANDBERG
*Senior Counsel*
LAUREN GORODETSKY
*Counsel*

<u>/s/ Lauren Gorodetsky</u>

Lauren Gorodetsky
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
(202) 435-7560
lauren.gorodetsky@cfpb.gov

*Counsel for Defendants Consumer Financial Protection Bureau and Russell Vought*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion was filed electronically through the Court's ECF system.

DATED: July 29, 2025

/s/ Lauren Gorodetsky
Lauren Gorodetsky
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
(202) 435-7560
lauren.gorodetsky@cfpb.gov

*Counsel for Defendants Consumer Financial Protection Bureau and Russell Vought*