EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| FORCHT BANK, N.A., et. al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 5: 24-304-DCR |
| ) | |
| V. ) | |
| ) | |
| CONSUMER FINANCIAL ) | **ORDER** |
| PROTECTION BUREAU, et. al., ) | |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Consumer Financial Protection Bureau's ("CFPB") motion to stay proceedings. [Record No. 80] CFPB represents that it has "decided to initiate a new rulemaking to reconsider the Rule with a view to substantially revising it and providing a robust justification" and it "plans to engage in an accelerated rulemaking process." Accordingly, it requests a stay of this matter to conduct its rulemaking, which "may obviate the need for the Court to rule on the current Rule under review." Additionally, Intervenor-Defendant Financial Technology Association ("FTA") indicates it does not oppose the motion. However, the intervening Defendant, Financial Technology Association has filed a response, indicating that it does not object to the requested stay with the understanding that the CFPB does not ask this Court to toll any existing compliance deadlines for the current rule.

In determining whether a stay is appropriate, courts must balance: (1) the potential for another case having a dispositive effect on the matter to be stayed; (2) judicial economy to be saved by waiting on a dispositive decision; (3) public welfare; and (4) prejudice to the party

opposing the stay. *Higgins v. BAC Home Loans Servicing*, 2012 WL 5332476, at *2 (E.D. Ky. Oct. 29, 2012). The first factor is inapplicable here, because a stay would not enable another case to dispose of the issues presented in this action. Next, the parties and judicial economy are better served if a stay is issued, because it allows time for CFPB to administratively modify the rule with appropriate input from interested parties, which could likely obviate the need for this action.

A stay also serves the public welfare because CFPB has indicated that it "seeks to comprehensively reexamine this matter alongside stakeholders and the broader public to come up with a well-reasoned approach … that aligns with the policy preferences of new leadership and addresses the defects in the initial Rule." [Record No. 80, p. 2] Finally, because the CFPB intends to effect significant changes to the current Rule, the undersigned concludes any harm to the plaintiffs would be speculative and "remote." *Nat'l PFAS Contamination Coal. v. EPA*, No. 22-cv-132-JDB, 2023 WL 22078, at *5 (D.D.C. Jan. 3, 2023). Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Consumer Financial Protection Bureau's motion to stay proceedings [Record No. 80] is **GRANTED**. Subject to intervening orders, this matter is **STAYED** pending the Consumer Financial Protection Bureau's new rulemaking.

2. Defendant Consumer Financial Protection Bureau's motion to extend its deadline to file [Record No. 81] is **DENIED**, as moot in light of the Court's stay.

3. Defendant Consumer Financial Protection Bureau's motion for summary judgment [Record No. 58], the plaintiffs' motion for summary judgment [Record No. 59], and Intervenor-Defendant Financial Technology Association's motion for summary judgment

[Record No. 64] are **DENIED**, without prejudice to being renewed at a later date with supplemental briefing as needed based on subsequent events in the case.

    4.    The parties are directed to submit a joint status report every **45 days** commencing from this date and within **7 days** of final agency action on the Rule.

Dated: July 29, 2025.

<u>Danny C. Reeves, District Judge</u>
United States District Court
Eastern District of Kentucky